FILED

AUG 2 2 2024

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:23 CR 122 SNLJ |
| v. | ) | |
| | ) | |
| WILLIAM HENRY OTTO, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant William Henry Otto, represented by defense counsel Jacob

Andrew Zimmerman, and the United States of America, (hereinafter "government"), represented

by the Office of the United States Attorney for the Eastern District of Missouri. This agreement

does not, and is not intended to, bind any governmental office or agency other than the United

States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by

this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for

defendant's voluntary plea of guilty to Count I of the indictment, the government agrees that no

further federal prosecution of the defendant will be brought in this District relative to the

underlying facts supporting the charges herein, of which the government is aware at this time. In

addition, the United States will move to dismiss Counts II and III at the time of sentencing.

Furthermore, the parties agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18 United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Count I, to forfeit any interest to the United States in all property subject to forfeiture under the applicable statute(s), including but not limited to: All items listed in the forfeiture allegation of the indictment herein.

## 3. ELEMENTS:

A defendant violates Title 18 United States Code, § 922(a)(1)(A), Unlicensed Firearms Dealing, when (1) the defendant is not a federally licensed firearms dealer, and; (2) the defendant knowingly engages in the business of dealing in firearms.

The defendant William Henry Otto admits that there is a factual basis for the plea and admits to knowingly committing the offense of aiding and abetting the commission of Unlicensed Firearms Dealing in violation of Title 18, United States Code, Section 2, and Title 18 United States Code, § 922(a)(1)(A), in that knowing that Terry Lee Allen was not a federally licensed firearms dealer, and knowing that Allen was engaged in the business of dealing firearms, the defendant William Henry Otto repeatedly sold firearms to Allen to resell, knowing that Allen was going to resell them for profit.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the Government would

2

prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On November 19, 2021, Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) identified Terry Lee Allen as an individual who had engaged in purchasing multiple handguns from licensed firearms dealers. According to records, between June 24, 2018, and June 6, 2021, Allen had made multiple handgun purchases on nine occasions, buying a total of 38 handguns. Records also indicated Agents also discovered that Allen was the last known purchaser of seven firearms that had been linked to crime scenes in several states.

All 38 of the handguns involved in the multiple guns sales and six of the seven guns recovered at crime scenes had been purchased by Allen through Bull Run Weaponry in Marble Hill, Bollinger County Missouri. Bull Run Weaponry was owned and operated by William Henry Otto, a federally licensed firearms dealer. Otto never reported the suspicious conduct on Allen's part to the ATF.

Further investigation disclosed that Allen was using two Facebook pages to list firearms which he was selling, however Allen was not a federally licensed firearms manufacturer, importer or dealer.

On December 2, 2021, an ATF Agent acting in an undercover capacity (UC) met with Allen at a location in Cape Girardeau Missouri and purchased two Glock pistols, a Model 43, serial number AGFL160, and a Model 17, serial number BVBT286. Agents conducted a trace on both pistols and determined that they had been purchased by Allen from Otto.

On December 14, 2021, the UC met with Allen again in Cape Girardeau and purchased a Pioneer Arms Corp. "Hellpup" AK style pistol bearing serial number PAC1164071 21, a Glock

3

Model 21 pistol, serial number AGFB173 and a Glock Model 19 pistol, serial number BVHG782. Allen had purchased both of the Glock pistols from Otto, but Otto falsely reported the sale as being on December 19, 2021, five days after Allen sold the guns to the undercover Agent.

On December 21, 2021, Agents executed a search warrant at Allen's residence in Cape Girardeau looking for evidence of firearms trafficking. Agents located 24 firearms, $55,200.00 in cash, a laptop computer, and numerous records relating the purchase of firearms.

Allen was advised of his Miranda rights which he agreed to waive and speak with the officers. Allen admitted that he was not an FFL, but that he had been selling guns on Facebook for some time. Allen told investigators that he was buying most of his guns from William Otto and that Otto knew that he was reselling them for a profit.

Also on December 21, 2021, ATF Agents conducted an administrative inspection of William Otto's firearms business where they obtained copies of Otto's paperwork. Otto's records indicated that he had transferred at least 199 firearms to Allen, the vast majority of which Allen had unlawfully sold to others. All firearms were in fact firearms under federal law, and each traveled in and affected interstate commerce prior to Otto providing them to Allen.

Agents also obtained consent to download text messages between Allen and Otto which confirmed that both men had discussed Allen obtaining firearms from Otto and illegally selling them at a profit.

As a part of this plea the defendant admits that he knew that he knowingly aided and abetted Terry Lee Allen who was not a federally licensed firearms dealer but was knowingly engaged in the business of dealing in firearms.

4

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than five (5) years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three (3) years.

In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

## 6. U.S. SENTENCING GUIDELINES: 2023 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

### (1) Chapter 2 Offense Conduct:

**(a) Base Offense Level:** The parties reach no agreement as to the base offense level. The parties understand that pursuant to U.S.S.G. § 2K2.1(a), the base offense level is affected by a number of factors, including the nature of the defendant's criminal history and the characteristics of the firearms.

**(b) Specific Offense Characteristics:** The parties reach no agreement as to any of the Specific Offense Characteristics from Chapter 2 which may apply.

### (2) Chapter 3 Adjustments:

**(a) Acceptance of Responsibility:** The parties recommend that two levels should

5

be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the offense level determined prior to the application of Section 3E1.1(a) is level 16 or greater, and the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**(b) Other Adjustments:** The parties have no agreement as to any additional adjustments which may apply.

**(c) Estimated Total Offense Level:** The parties are unable to estimate the Total Offense Level.

**(d) Criminal History:** The determination of the defendant's Criminal History Category

6

shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the

Presentence Report as to the defendant's criminal history and the applicable category. The

defendant's criminal history is known to the defendant and is substantially available in the

Pretrial Services Report.

**(e) Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the

Court is not bound by the Guidelines analysis agreed to herein. The parties may not have

foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from

the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's

rights concerning appeal and fully understands the right to appeal the sentence under Title 18,

United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional,

non-sentencing issues, including, but not limited to, any issues relating to pretrial motions,

discovery and the guilty plea, the constitutionality of the statute(s) to which the defendant is

pleading guilty and whether defendant's conduct falls within the scope of the statute(s)

**(2) Sentencing Issues:** In the event the Court accepts the plea and after determining a

Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of

this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than

Criminal History, but only if it affects the Base Offense Level or Criminal History Category.

Similarly, the Government hereby waives all rights to appeal all sentencing issues other than

7

Criminal History, provided the Court accepts the plea, adopts the agreed Total Offense Level and sentences the defendant within or above that range.

**b. *Habeas Corpus*:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States, any records pertaining to the investigation and prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime the defendant committed.  These conditions will be restrictions on the defendant to which the

defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest

9

the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: All items listed in the forfeiture allegation of the indictment herein. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-

10

examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The terms and conditions contained in this stipulation constitute the only plea offer which has been tendered to the defendant by the Government herein. Defendant has fully discussed the terms and conditions of the offer with counsel and the defendant understands and agrees to the same.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea

to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

Aug 19, 2024
_____
Date

_____
Tim J. Willis, # 62428MO

12

Assistant United States Attorney
555 Independence Street, Suite 3000
Cape Girardeau, Missouri  63703

8/22/24
_____
Date

8/22/24
_____
Date

_____
William Henry Otto
Defendant

_____
Jacob Andrew Zimmerman
Zimmerman Law, LLC
1440 Kurre Lane
Cape Girardeau, MO 63701

13